IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:04CV58-03-MU

| | |
|---|---|
| GARY MORTON,<br><br>    Plaintiff,<br><br>v.<br><br>DEBBIE DELIPORT[1] AND<br>DONNA BREWER,<br><br>    Defendant. | **O R D E R** |

**THIS MATTER** comes before the Court on Defendant Donna Brewer's Motion for Summary Judgment (Document No. 27), Plaintiff's Motion to Deny Summary Judgment (Document No. 32), Defendant Debbie Delaporte's Motion to Dismiss (Document No. 43), Plaintiff's "Motion to Stay Order" (Document No. 45), Defendant Delaporte's Motion for Summary Judgment (Document No. 47), Plaintiff's Motion in Opposition to Defendant Delaporte's Motion for Summary Judgment (Document No. 50) and Plaintiff's "Motion For Appointment of Counsel and Leave to Amend for Purposes of Clarification" (Document No. 52.)

**I. Factual and Procedural Background**

On April 1, 2004 Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that

---

[1] Although Ms. Delaporte's name is spelled Deliport in the caption of Plaintiff's Complaint, the Court notes that Counsel for Ms. Delaporte spells it differently. The Court will use the same spelling as counsel.

1

Defendants Debbie Delaporte,[2] Donna Brewer[3] and the Medical UR Board had been deliberately indifferent to his serious medical needs. Plaintiff's allegations begin on September 22, 2000 when he was housed at Central Prison[4] in Raleigh and continue through September 29, 2003 when he was a prisoner at Mountain View Correctional.

Debbie Delaporte is the only Defendant named in Plaintiff's Complaint that worked at Central Prison. Ms. Delaporte retired from her position as Nurse Supervisor at Central Prison on December 31, 2000. (Affidavit of Glenn H. Perry, attached to Defendant Delaporte's Motion for Summary Judgment.) On July 2, 2001, Plaintiff was transferred from Central Prison in Raleigh to Mountain View Correctional Facility. Plaintiff's allegations of deliberate indifference continue through his transfer to Mountain View. The only Defendant named in Plaintiff's Complaint that works at Mountain View Correctional is Defendant Brewer. Defendant also named the Medical UR Board in his Complaint, however, on June 30, 2004 this Court granted Defendants motion to quash service on the Medical UR Board on the basis that no such entity exists (Document No. 20.) In the same Order, this Court granted Defendant Brewer's Motion for a More Definite Statement due to the fact that Plaintiff's pleadings with regard to Defendant Brewer were so vague and ambiguous that Defendant Brewer could not reasonably be required to form a responsive pleading (Document No. 20.) On July 20, 2004 Plaintiff filed a response to this Court's Order clarifying his allegations against Defendant Brewer (Document No. 21.) On July 12, 2004 Plaintiff filed several medical

---

[2] Debbie Delaporte was the Nurse Supervisor at Central Prison. Ms. Delaporte retired from Central Prison on December 31, 2000.

[3] Donna Brewer is a Nursing Supervisor at Mountain View Correctional Facility.

[4] Plaintiff was transferred from Central Prison to Mountain View Correctional Facility on July 2, 2001.

exhibits to be amended to his Complaint (Document No. 25.) On August 23, 2004 Defendant Brewer answered the Complaint (Document No. 24) and on September 27, 2004 she filed a Motion for Summary Judgment (Document No. 27.) On July 7, 2006 Defendant Delaporte filed a Motion to Dismiss (Document No. 43) and on August 7, 2006 Plaintiff filed a Motion to Stay (Document No. 45) in response to Defendant Delaporte's Motion to Dismiss in which Plaintiff seeks additional time within which to amend his Complaint to include specifics of Defendant Delaporte's role in the denial of prescribed medical care. On August 16, 2006 Defendant Delaporte filed a Motion for Summary Judgment (Document No. 47) and on September 18, 2006 Plaintiff filed his opposition to Defendant Delaporte's Motion for Summary Judgment (Document No. 50) and a Motion for the Appointment of Counsel and Leave to Amend. (Document No. 52.)

Upon careful consideration of the foregoing documents and the controlling legal precedent, the Court concludes that Plaintiff's Motion for Appointment of Counsel and for Leave to Amend will be denied; Defendant Delaporte's Motion to Dismiss will be denied; Plaintiff's Motion to Stay will be denied; Plaintiff's Motion to Deny Defendant Brewer's Motion for Summary Judgment will be denied; Defendant Brewer's Motion for Summary Judgment will be granted and Defendant Delaporte's Motion for Summary Judgment will be granted.

**II. Analysis**

**A. Plaintiff's Motion for Counsel**

This is Plaintiff's fourth motion for the appointment of counsel. As this Court has previously explained, appointment of counsel under § 1915(e)(1) in cases brought under 42 U.S.C. § 1983 is discretionary. Whisenant v. Yuan, 739 F.2d 160, 163 (4th Cir. 1984). Counsel should be appointed in "exceptional circumstances." Id.; Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). The existence

of "exceptional circumstances" depends upon two factors: type and complexity of case and ability of pro se litigant to present case. Whisenant, 739 F.2d at 163. At this time, the Court does not construe this as a complex case and notes that the Plaintiff is adequately representing himself. Therefore, Plaintiff's Motion for Appointment of Counsel is DENIED.

**B. Motion to Amend**

Next, Petitioner requests leave to amend his Complaint to add Dr. Paula Smith, Director of Medical Services for Inmates in the North Carolina Department of Corrections as well as Boyd Bennett, the Director of the Division of prisons. Plaintiff supports his request to add these individuals stating that they each "know, knew and should know about the complaint and are responsible for the policy and practice that is being used to justify the failure to follow prescribed and necessary medical care." (Motion to Amend at 2.)

Under Rule 15(a) of the Federal Rules of Civil procedure, leave to amend shall be freely given absent bad faith, undue prejudice to the opposing party, or futility of amendment. See Forman v. Davis, 371 U.S. 178, 182 (1962). A cause of action barred by an applicable statute of limitations is futile and therefore an amendment based on such a cause of action can be denied. See Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991). However, when proposed claims in an amendment are barred by the statute of limitations, Rule 15(c) provides for the relation back of amendments to the original pleading in certain circumstances. Relation back is permitted when the "claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading." Fed. R. Civ. P. 15(c)(2).

Plaintiff makes no allegation that Mr. Beck or Dr. Smith ever had any personal contact with him; therefore there can be no individual liability as to Mr. Beck or Dr. Smith. The claim against

4

Mr. Beck and Dr. Smith therefore can only be construed as a claim under a theory of supervisory liability. As an initial matter, the Court notes, that the doctrine of respondeat superior is generally inapplicable to § 1983 suits. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Additionally there is no allegation that Mr. Beck or Dr. Smith instituted any official policy that any other defendant was following which caused Plaintiff's alleged constitutional deprivations.[5] Therefore, there is no basis upon which to attach supervisory liability to Mr. Beck or Dr. Smith. Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Therefore, Plaintiff's proposed amendment is not only filed at the eleventh hour[6] but is also futile. Plaintiff's Motion to Amend his Complaint to add Dr. Smith and Mr. Beck is therefore denied.

Additionally, Plaintiff's claim against Dr. Smith and Mr. Beck would be barred by the statute of limitations and does not relate back to his original pleading. In his Complaint filed on April 2, 2004, Plaintiff claims that Debbie Delaporte, Donna Brewer and the Medical UR Board had been deliberately indifferent to his serious medical needs. Now Plaintiff seeks to amend his Complaint to add Mr. Beck and Dr. Smith claiming they knew or should have known about his complaints regarding the deliberate indifference of the medical staff at both institutions and that they are responsible for the policies being used to justify such indifference. This is a wholly new claim against two new defendants raised more that two years after the Complaint was filed, which simply

---

[5] While Plaintiff does allege that Dr. Smith and Mr. Beck are responsible for the policy and practice being used to justify the failure to follow prescribed and necessary medical treatment, this Court has determined that Defendant Brewer was not deliberately indifferent to Plaintiff's medical needs and in any event, the policies in place did not have any impact on this Court's decision.

[6] Plaintiff filed his Complaint on April 2, 2004 and the Plaintiff's Motion for Leave to Amend was filed on September 18, 2006..

does not relate back to the original pleading. Plaintiff's proposed amendment to add Dr. Smith and Mr. Beck is denied as the claims are futile, barred by the statute of limitations and do not relate back to the original pleading.

**C. Defendant Delaporte's Motion to Dismiss, Motion for Summary Judgment[7] and Plaintiff's Motion to Stay**

Plaintiff filed his Complaint on April 2, 2004 naming Debbie Delaporte, the Nurse Supervisor at Central Prison; Donna Brewer, a nurse at Mountain View Correctional Facility; and the Medical UR Board as Defendants. On April 27, 2004 this Court conducted an initial review of Plaintiff's Complaint and ordered the three defendants to be served. On May 17, 2004 the United States Marshall's Service filed a Return of Service Form as unexecuted as to Ms. Delaporte. In other words, they were unable to serve Ms. Delaporte. However, on May 18, 2004, the Attorney General filed a Motion to Extend Time on behalf of all named defendants including Ms. Delaporte. Defendant Delaporte now has filed a Motion to Dismiss based on the fact that her name does not appear anywhere in the text of Plaintiff's Complaint. In response to Defendant Delaporte's Motion to Dismiss, Plaintiff filed a Motion to Stay seeking additional time within which to amend his Complaint to include specifics of Defendant Delaporte's role in the denial of prescribed medical care.

Defendant Delaporte is not specifically named anywhere in Plaintiff's Complaint except in

---

[7] Defendant Delaporte filed a Motion to Dismiss on July 10, 2006. On August 16, 2006 Defendant Delaporte filed a Motion for Summary Judgment, this time including an affidavit in support of an argument simply proferred by counsel in the Motion to Dismiss. This Court will consider the arguments raised in the Motion to Dismiss and the Motion for Summary Judgment when ruling on the Motion for Summary Judgment and will deny the Motion to Dismiss because it did not include an affidavit to support an argument asserted by counsel.

the caption. Although Plaintiff makes clear in his Complaint that the medical staff at Central Prison were deliberately indifferent to his medical needs in failing to make follow up appointments for him as requested by his specialist doctors, he does not directly or indirectly allege any personal involvement by Defendant Delaporte in the allegations of which he complains.[8]

In addition to not being named anywhere in the text of Plaintiff's Complaint, this Court has reviewed all of the grievances and grievance responses that Plaintiff filed in connection with this litigation and has noted that Ms. Delaporte is not specifically named anywhere in Plaintiff's grievances regarding his medical care while at Central Prison.[9] The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. There is no doubt that the PLRA's exhaustion requirement is mandatory. See Anderson v. XYZ Correctional Heath Services, 407 F.3d 674, 676-77 (4th Cir. 2005) citing Porter v. Nussle, 534 U.S. 516, 524 (2002) ("once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy and effective. Even when the prisoner seeks relief not available in the grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." When considering a motion to dismiss for failure to exhaust, the district court must determine whether exhaustion was complete at the time

---

[8] To the extent that Ms. Delaporte is named in Plaintiff's Complaint solely due to her status as Nurse Supervisor, vicarious liability, merely because of a supervisor's position, does not apply to § 1983 actions. Monell v. Dept. of Social Services, 436 U.S. 658 (1978).

[9] Plaintiff concedes that Ms. Delaporte is not named in any grievances he filed. However, he claims that he had to rely on others to help him prepare all of his written documents because he is illiterate.

of filing, not at the time when the court is rendering its decision on the Motion to Dismiss. Johnson v. Jones, 340 F.3d 624 (8th Cir. 2003). It appears from a review of all Plaintiff's grievances and grievance responses filed in connection with this litigation that Plaintiff has not exhausted his administrative remedies with respect to Ms. Delaporte. In fact, Plaintiff concedes that Ms. Delaporte is not mentioned in any of the grievances he filed. (Brief in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment, Document No. 51 at 2.) Because exhaustion must be completed prior to filing a Complaint in federal Court, Defendant Delaporte must be dismissed from this action. Allowing Plaintiff to amend his Complaint at this late juncture does not cure the problem because exhaustion must be completed prior to filing the Complaint.

Moreover, a three year statute of limitations applies to cases filed under § 1983 cases. Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996). Plaintiff filed this case on April 1, 2004. Plaintiff's allegations begin on September 22, 2000 and continue though about the middle of 2003. Plaintiff was transferred from Central Prison to Mountain View Correctional Facility on July 2, 2001. Using the three year statute of limitations, Plaintiff's allegations prior to April 1, 2001 would be barred by the statute of limitations. Defendant Delaporte is the only person named in Plaintiff's Complaint[10] that worked at Central prison and she retired from her position as Nurse Supervisor at Central Prison on December 31, 2000. Therefore even though she is not specifically named in Plaintiff's Complaint or in any of his grievances, any allegations that Plaintiff could attribute to her, if this Court were to allow Plaintiff to amend his Complaint, had to have occurred prior to December 31, 2000, the date on which she retired. That time period occurred more than three years prior to Plaintiff filing his Complaint and therefore would be barred by the statute of

---

[10] Defendant Delaporte is only named in the caption of the Complaint.

limitations.[11]

For the foregoing reasons, Defendant Delaporte's Motion for Summary Judgment is Granted and Plaintiff's Motion to Stay so that Plaintiff can amend his Complaint is denied. Allowing Plaintiff to amend his Complaint regarding Ms. Delaporte would be futile given that Plaintiff has not exhausted his administrative remedies as to Ms. Delaporte and because Ms. Delaporte retired more than three years prior to Plaintiff filing his Complaint, therefore, any allegations that Plaintiff could potentially state against Ms. Delaporte would be barred by the statute of limitations.

**D. Defendant Brewer's Motion for Summary Judgment**

Turning now to the only Defendant left in this case, Defendant Brewer. By Order dated July 12, 2004 (Document No. 20), this Court granted Defendant Brewer's Motion for a More Definite Statement due to the fact that Plaintiff's pleadings with regard to Defendant Brewer were so vague and ambiguous that Defendant Brewer could not reasonably be required to form a responsive pleading (Document No. 20.) On July 20, 2004 Plaintiff filed a response to this Court's Order clarifying his allegations against Defendant Brewer (Document No. 21.) Defendant Brewer, the Nursing Supervisor at Mountain View Correctional Facility, filed a Motion for Summary Judgment which is currently before the Court.

Plaintiff contends that from the time he was transferred to Mountain View Correctional Facility on July 2, 2001, Nurse Brewer was deliberately indifferent to his medical needs by refusing to schedule medical tests requested by his medical specialists. Specifically, Plaintiff contends that Nurse Brewer refused to follow Dr. Mohammed's order to see Plaintiff for a repeat

---

[11] Any argument that the statute of limitations was tolled while Plaintiff was exhausting his administrative remedies is defeated due to the fact that Defendant Delaporte was never named in Plaintiff's grievances.

colonoscopy 30 days after performing a colonscopy on him on October 2, 2001 and that Nurse Brewer refused to follow Dr. Chung's order to see Plaintiff 90 days after the colonoscopy. (Clarified Complaint ¶¶ 4 and 6.) Plaintiff also alleges that Nurse Brewer did not follow Dr. Bukhari's order to place Plaintiff on a high-fiber diet and see him again in 6 months for another colonscopy. (Clarified Complaint ¶ 14.)

A prisoner makes out a claim under the Eighth Amendment if he can establish that prison medical staff was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). An Eighth Amendment violation occurs only if the medical need is serious. Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). Additionally, prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to an inmates health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be demonstrated by either actual intent or reckless disregard. Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to him or which would be apparent to a reasonable person in his position. See Miltier, 896 F.2d at 852-53. However, a plaintiff must prove that defendant was aware of facts showing a substantial risk of harm and also drew the inference that a substantial risk of harm existed. See Johnson v. Quinones, 145 F.3d 164, 167-68 (4th Cir. 1998). Disagreements over the quality and extent of medical care do not state a claim for relief for deliberate indifference. Estell, 492 U.S. 97 (1976). Following Estelle, the Fourth Circuit expressly held that "[d]isagreements between an inmate and a physician over the inmates's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1984). To be actionable, an inmate's treatment "must be so grossly incompetent, inadequate or excessive as

to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Additionally, simple negligence is not a constitutional deprivation. Daniels v. Williams, 474 U.S. 327 (1986); Estelle v. Gamble, 429 U.S. 97, 105-106 (1976).

With respect to Plaintiff's allegations that Nurse Brewer refused to follow Dr. Mohammed's order and Dr. Chung's order, Nurse Brewer explained in her affidavit that the "orders" of outside physicians like Doctors Mohammed and Chung are considered recommendations unless and until they are approved by the inmate's primary care physician. The orders implemented are those made by the primary care physician, subject to Utilization Review approval. (See Brewer Affidavit ¶ 3 and DOC's Health Services Policy and Procedure Manual marked as pg. 000001 attached to Defendant's Motion for Summary Judgment.) The nursing staff has no authority to schedule appointments recommended by outside doctors until approved by primary care physician. (See Id.) Plaintiff's primary care physician at Mountain View Correctional Facility was Family Nurse Practitioner Ella Markland. Ms. Markland was delayed in approving the appointment for Plaintiff because she was unable to decipher all of Dr. Mohammed's handwritten report regarding the October 2, 2001 colonoscopy. Ms. Markland, made a note in Plaintiff's chart on October 2, 2001, when Plaintiff returned from having a colonoscopy performed, that she could not read all of Dr. Mohammed's note and to please obtain a dictated consult. (See page 00005 attached to Defendant's Motion for Summary Judgment.) On October 11, 2001 and on November 20, 2001, Ms. Markland made additional entries on Plaintiff's chart noting that she still needed Dr. Mohammed's dictated note. (See pages 000005 and 000006 attached to Defendant's Motion for Summary Judgment.) According to Nurse Brewer's affidavit, standard procedure would be for each of these three entries asking for dictation to be noted by a nurse on her staff (in this case, a different nurse each time) and

for the noting nurse to ask the Mountain View Medical Records Assistant to call the hospital and ask for the dictated note. Nurse Brewer has no reason to believe that this procedure was not followed. (Brewer affidavit ¶¶ 5 and 6.) Nurse Brewer's affidavit notes that Plaintiff's medical records contain a Surgical Pathology Report (See page 000007 attached to Defendant's Motion for Summary Judgment) and Dr. Mohammed's Operative Report (See page 000008), both issued by Valdese General Hospital in connection with Plaintiff's colonoscopy on October 2, 2001. Both reports were reviewed by Ms. Markland on December 11, 2001. At the bottom of the Pathology Report there is a handwritten notation dated 10/10/01 which states "copy mailed to DOC with letter request to call ASAP and schedule colonoscopy for in one month." However, Plaintiff's medical records do not contain any such separate letter. (See Brewer affidavit ¶ 7.)

On December 11, 2001 Ms. Markland had received and reviewed the medical reports, which were admittedly delayed for some unexplained reason, and entered an order in Plaintiff's chart for a repeat colonoscopy as soon as possible and a follow-up with Dr. Chung (See page 000006, attached to Defendant's Motion for Summary Judgment.) Ms. Markland also requested and received Utilization Review Approval for the repeat colonoscopy (See 000009, attached to Defendant's Motion for Summary Judgment.) Mountain View staff then scheduled an appointment for a repeat colonoscopy for January 16, 2002, which was later rescheduled to January 30, 2002.[12] On or about January 24, 2002, Family Nurse Practitioner Ella Markland asked Defendant Brewer if Plaintiff's colonoscopy had been scheduled and Defendant Brewer checked the appointment calendar and

---

[12] Although the medical records assistant who scheduled Plaintiff's appointment is no longer employed by the DOC, the relevant pages from the appointment calendar that she kept were attached to Defendant Brewer's Motion for Summary Judgment and they confirm that the appointment was originally made for 1/16/02 and rescheduled to 1/30/02. (See pages 000010 - 000013.)

confirmed that it had. (Brewer affidavit at 4.)

Applying the above legal precedent to the facts of this case, there are no facts that support a finding that Nurse Brewer was deliberately indifferent to Plaintiff's medical needs. Nurse Brewer's only personal involvement was to confirm Plaintiff's appointment when Ms. Markland inquired about it. According to Nurse Brewer, which is not disputed by Ms. Markland's affidavit, the scheduling of Plaintiff's repeat colonoscopy was delayed by the fact that Ms. Markland could not read Dr. Mohammed's writing and therefore she requested a dictated copy of his note. It is not clear why it took so long to receive the dictated note, but when such note was received, Ms. Markland asked that Plaintiff's colonoscopy be scheduled as soon as possible. It appears that the colonoscopy was scheduled shortly after Ms. Markland asked that it be done.

Next, Plaintiff contends that Nurse Brewer was deliberately indifferent to his serious medical needs by failing to follow Dr. Bukhari's order to place Plaintiff on a high fiber diet and to see Plaintiff again in six months[13] for another colonscopy. Because Dr. Bukhari is an outside specialist, his orders are recommendations until and unless they are approved by the inmate's primary care physician. (See page 00001.) According to Nurse Brewer's affidavit, which is not disputed by Ms. Markland's affidavit, Dr. Bukhari recommended a high fiber diet, but Ms. Markland, Plaintiff's primary care physician, ordered fiber tablets, and Dr. Bukhari recommended another colonscopy in six months but that Utilization Review approved another colonscopy in twelve months rather than six months.[14] (Brewer Affidavit at 5; see also Markland affidavit.) Once again, applying the above

---

[13] Dr. Bukhari recommended a repeat colonoscopy for six months after the January 30, 2002 colonoscopy. Utilization Review approved a repeat colonscopy for twelve months, which was performed on January 31, 2003.

[14] The repeat colonoscopy was performed on January 31, 2003.

legal precedent to the facts of this case, there is no evidence that Defendant Brewer was deliberately indifferent to Plaintiff's serious medical needs.

Finally, Plaintiff contends that Nurse Brewer was deliberately indifferent to his serious medical needs because after he had his colonoscopy on January 31, 2003, the report of that colonscopy contained the comment "colonscopy for surveillance in 2 years due to poor prep." (See page 000016.) The Court notes that it has also reviewed the report to which Plaintiff refers and while the report does state in the recommendation section that Plaintiff should have a "colonscopy for surveillance in 2 years due to poor prep" the report also states that the digital rectal exam was normal and that the colon (entire portion examined) was normal. (See page 000016.) Assuming that Dr. Bukhari was very concerned about the poor prep prior to the colonscopy it is odd that he would recommend waiting two years to repeat the test. In any event, once again applying the controlling law to the facts of this case, the facts simply do not support a finding that Nurse Brewer was in any way deliberately indifferent to Plaintiff's serious medical needs.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has failed to state a claim for relief. This Court has examined the record and finds that Defendant Brewer did not act with deliberate indifference to Plaintiff's medical needs. Therefore, Plaintiff's claim is dismissed for failure to state a claim for relief.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1) Plaintiff's Motion for Appointment of Counsel (Document No. 52) is DENIED;

2) Plaintiff's Motion to Amend (Document No. 52) is DENIED;

3) Plaintiff's Motion to Stay is DENIED (Document No. 45);

14

4) Plaintiff's Motion to Deny Defendant Brewer's Motion for Summary Judgment (Document No. 32) is DENIED;

5) Defendant Delaporte's Motion to Dismiss (Document No. 43) is DENIED;

6) Defendant Delaporte's Motion for Summary Judgment (Document No. 47) is GRANTED

7) Defendant Brewer's Motion for Summary Judgment (Document No.27) is GRANTED;

8) This case is closed and should be terminated.

**SO ORDERED.**

Signed: October 10, 2006

Graham C. Mullen
United States District Judge